UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTTSDALE INSURANCE COMPANY,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. C10-0373 MJP

**ORDER DENYING MOTION TO REMAND**

This matter comes before the Court on Plaintiff's motion to remand. (Dkt. No. 9.) The Court has received a response (Dkt. No. 11) and a reply (Dkt. No. 13). Defendant filed an additional response (Dkt. No. 18), which Plaintiff has moved to strike (Dkt. No. 19). For the reasons set forth below, the Court DENIES the motion to remand.

**Background**

On February 10, 2010, Plaintiff Scottsdale Insurance Company filed a complaint in King County Superior Court as subrogee for Pacific Sheet Metal alleging one claim for product liability against Defendant Ford Motor Company for damages sustained in a fire. On March 8, 2010, Defendant removed the action claiming this Court had diversity jurisdiction. The

complaint does not identify an amount in controversy.  Plaintiff moves to remand this action back to King County Superior Court.  (Dkt. No. 9.)

**Discussion**

**I. Removal Jurisdiction**

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court when the district court has original jurisdiction over the action.  Courts must "strictly construe the removal statute against removal jurisdiction" and the removing defendant bears the burden of establishing jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**II. Compliance with Local Rule 101(b)**

Local Rule 101(b) states:

> Each petitioner for removal under Chapter 89 of Title 28, United States Code, shall file along with his notice of removal a copy of the complaint and shall, within fourteen days of filing his notice of removal, file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with his or his counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding . . . . Records and proceedings in the state court, filed with the notice of removal, need not be refiled.

In Stanphill v. State Farm Mutual Automobile Insurance Company, Judge Coughenour remanded a putative class action to state court when a removing defendant failed to (1) provide "the complete record and proceedings in the state court, as required by 28 U.S.C. § 1447(b) and Local Rule 101(b) and (2) correct the defect within the 30 day removal time period.  No. C09-0235JCC (Dkt. No. 27) (June 26, 2009); see also Benson v. Providence Health & Services, No. C09-1560JLR (Dkt. No. 38) (Feb. 12, 2010) (Robart, J.).

Defendant's notice of removal attached a number of documents including the Case Information Cover Sheet and Area Designation.  (Not. of Removal, Ex. A.; Dkt. No. 1 at 17.) Defendant's verification of state court proceedings, which purports to attach all "pleading process, pleading, and other orders filed in said action" does not include the Case Information

1 Sheet and Area Designation. (Dkt. No. 2, Ex. 1.) Plaintiff asserts the procedural requirements
2 have not been met under Local Rule 101(b) because Defendant's verification of state court
3 records did not attach the case information sheet. Unlike Stanphill or Benson, where the notice
4 of removal and verification did not attach all the pleadings, the notice of removal here attached
5 the documents which Plaintiff complains were not attached to the verification. Local Rule
6 101(b) provides that a removing party need not refile documents filed with the notice of removal.
7 Defendant has therefore complied with Local Rule 101(b).

Remand is therefore not appropriate based on Local Rule 101(b).

### III. Amount in Controversy

When a complaint is silent or unclear as to the amount of damages sought by a plaintiff, the defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount" by a preponderance of the evidence. Gaus, 980 F.2d at 567 (citations omitted); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006).

The Notice of Removal offers a very limited discussion of the amount in controversy. In one paragraph, Defendant avers, on "information and belief," that the amount in controversy exceeds $75,000. (Not. of Removal ¶ 4.) Later, the notice provides "[b]ased on information provided by Plaintiff's counsel, Defendant's counsel is informed and believes that Plaintiff seeks damages in excess of $75,000." (Id. ¶ 6.) Defendant's counsel's declaration submitted in support its brief states that counsel spoke with Plaintiff's counsel and that "he represented to me that the damages were in the $3,000,000 to $4,000,000 range." (Miller Decl. ¶ 3.) Plaintiff's counsel summarizes the exchange as follows:

> I had a single conversation with Ford's counsel, on the telephone, while I was walking to my car in a parking garage. During that phone call, Ford's counsel asked … how much the claim was worth. I responded that this was a large fire, there were two or three claimants, other than PSM, and that I believed the total claims were $3,000,000 to $4,000,000, but that I did not know the amount of Scottsdale's claim. There was no other discussion about the amount in controversy.

(Evezich Decl. ¶ C.) The accounts of this conversation, which is the only evidence in the record on this issue, are sufficient to establish the amount in controversy for the purposes of removal. On the record before the Court, it is more likely than not that the amount in controversy exceeds the jurisdictional minimum.

The Court should find Defendant has satisfied its burden of proving the jurisdictional amount in controversy.

### IV. Motion to Strike

On May 12, 2010, after this motion came ripe, Defendant filed a supplemental response to Plaintiff's motion to remand. (Dkt. No. 18.) Defendant argues the motion to remand is moot because Plaintiff's initial disclosures identified the amount in controversy as $4,217,858.30. (Id. at 1.) Plaintiff moves to strike the submission because submission does not comport with Local Rule 7(b)(2). (Dkt. No. 19.) The Court reaches its conclusion today without consideration of Defendant's supplemental response. Plaintiff's request to strike is therefore moot.

### Conclusion

The Court DENIES Plaintiff's motion to remand. Defendant has substantively complied with Local Rule 101(b) and has established, by a preponderance of the evidence, the jurisdictional amount in controversy. The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 29th day of June, 2010.

Marsha J. Pechman
United States District Judge