UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, as subrogee for PACIFIC SHEET METAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. C10-373 MJP<br><br>ORDER GRANTING PACIFIC SHEET METAL'S MOTION TO INTERVENE AND DENYING A CONTINUANCE |

This comes before the Court on Pacific Sheet Metal's motion to intervene. (Dkt. No. 43.) Having reviewed the motion, the Plaintiffs' response (Dkt. No. 47), the Defendant's response (Dkt. No. 45), and Pacific Sheet Metal's reply (Dkt. No. 51), the Court GRANTS the motion to intervene, DENIES the request for a continuance and bifurcates damages for Pacific Sheet Metal.

**Discussion**

Plaintiff Scottsdale Insurance Company ("Scottsdale") is suing Defendant Ford Motor Company ("Ford") as a subrogee for Pacific Sheet Metal, Inc. ("PSM"). On January 7, 2009, a fire broke out inside PSM's Seattle warehouse, demolishing the warehouse and all equipment

| 1 | inside. (Dkt. No. 37, Fetters Decl., ¶ 2.) PSM submitted claims to Scottsdale and purchased a
| 2 | new warehouse at a different location. (Dkt. No. 38-4, Zaknich Decl. at ¶ 5.) Scottsdale
| 3 | adjusted PSM's claim up to policy limits and sued Ford for subrogation, alleging the fire was
| 4 | caused by a Ford 2004 F550 truck parked inside the warehouse. (Compl. at 7.)

PSM now seeks to intervene under Rule 24(b)(1)(B) because its damages exceeded the sums paid by Scottsdale. (PSM's Compl., Dkt. No. 43-2.) Under Rule 24(b)(1)(B), the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). Here, Scottsdale and PSM seek to hold Ford liable for a products liability claim arising from the same operative facts, i.e., the January 2009 fire allegedly started by a Ford truck. Since it would serve judicial economy to consider the liability issue together and neither Scottsdale nor Ford oppose intervention, the Court GRANTS PSM's motion to intervene.

With respect to the trial date, the Court DENIES the parties' request for a continuance. After reviewing the Court's calendar and considering judicial efficiency, the Court sets trial for July 6, 2011, i.e., one day after the most recently scheduled trial date. Judicial efficiency includes the concept of fairness to all litigants seeking trial time on the Court's calendar. The cause of action was filed in March 2010. The first trial date was set for May 23, 2011. The parties requested a continuance which the Court granted. To continue the trial a second time even briefly threatens the dates set aside for other litigants and squanders the time reserved in this case. While the parties now request a two to six month continuance due to PSM's intervention, the issues of liability and Scottsdale's damages are ready for trial. PSM's decision to intervene at the eleventh-hour does not warrant a continuance.

\\

ORDER GRANTING PACIFIC SHEET METAL'S
MOTION TO INTERVENE AND DENYING A
CONTINUANCE- 2

\\

## Conclusion

The Court GRANTS PSM's motion to intervene for the purposes of liability only and DENIES the parties' request for a continuance. The issue of Pacific Sheet Metal's damages is bifurcated, to be litigated at a separate trial.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of June, 2011.

*signature*

Marsha J. Pechman
United States District Judge